UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| SAMUEL BROWN #178537, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-87 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| UNKNOWN PARTY #1, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual Allegations

Plaintiff, Samuel Brown #178537, an inmate at the Chippewa Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Unknown Party #1, Warden of Newberry Correctional Facility, and Unknown Party #2, Health Service Supervisor. Plaintiff alleges in his complaint that he has been in prison for over 20 years and has been falsely accused of being mentally ill. Plaintiff states that while he was in segregation at the Newberry Correctional Facility, he became infested with parasites, which he believes are "connected to AIDS." Plaintiff seeks damages and equitable relief.

    II.       Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint consists of nothing more that his delusional assertions regarding a parasitic infection which somehow relates to the AIDS virus. The court's initial assessment of the *in forma pauperis* Plaintiff's factual allegations must be "weighted in favor of the plaintiff." *Denton*

*v. Hernandez*, 504 U.S. 25, 33 (1992). However, the court is not bound to accept all factual allegations as true. *Id.* While the court cannot dismiss a case simply because the court finds the factual allegations to be improbable or unlikely, *id.*, the court may dismiss a case as frivolous where the facts alleged rise to the level of the irrational or are wholly incredible, *id.*; fanciful, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); fantastic, *id.* at 328; or delusional. *Id.*

Moreover, Plaintiff fails to specify the date on which this infestation occurred, how it occurred, or to include any other specific factual allegations. Therefore, not only are Plaintiff's assertions incredible, he fails to support his claims with sufficient specific factual allegations to deserve serious consideration. *See*, e.g., *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989), *cert. denied*, 494 U.S. 1079 (1990); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-437 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985); *Johnson v. Stark*, 717 F.2d 1550 (8th Cir. 1983).

Finally, the court notes that both of the Defendants in this case are listed as unknown parties. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The use of the fictitious names of Jane and John Doe is permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that party may eventually allow the true identity of the Jane or John Doe to be discovered. *See, e.g.*, *Berndt v. Tennessee*, 796 F.2d 879, 882-94 (6th Cir. 1986) (remanding to allow plaintiff to amend complaint to name the parties); *Odum v. Knox County*, No. 89-5987, 1990 WL 57241, at *1 (6th Cir. 1990) (complaint contained sufficient facts for the named defendants to discover the correct defendant with minimal investigation). Plaintiff's action concerns two

individuals who were employed at the Newberry Correctional Facility during the time Plaintiff was in segregation there. It is virtually inconceivable that without minimal effort, he cannot name at least one of the involved individuals. Therefore, even if Plaintiff's complaint set forth valid claims, the court could not order service of the action.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  May 26, 2009                             /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE